IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

QUESOS DEL PAIS LA ESPERANZA, INC.

Debtor

CASE NO.  18-06529 (ESL)

CHAPTER  11

OPINION AND ORDER

This case is before the court upon the motion requesting attorney's fees and costs filed by creditor Francisco Román Medina ("Creditor") (dkt. #148) and the opposition filed by Quesos del Pais La Esperanza ("Debtor") (dkt. #166).

The Creditor prays for attorney's fees and costs in the amount of $15,977.00 pursuant to Fed. R. Civ P. 54, made applicable to bankruptcy contested matters pursuant to Fed. R. Bankr. P. 9014 and Fed. R. Bankr. P. 7054, incurred in the litigation for the appointment of a trustee or examiner. The Creditor prevailed in the litigation as the court ordered the appointment of an examiner. An invoice detailing the request under the loadstar method was attached.

The Debtor opposes the request for attorney's fees based on the "American Rule" general principle that each party bears the cost of their litigation, that Rule 54(d) does not create a substantive right to claim fees and costs, and the decision in In re Piñeiro, 2019 WL 2486744, 2019 Bankr. Lexis 1827 (Bankr. D. P.R. 2019) (Cabán, Chief Judge). The Debtor concedes to the allowance of costs in the amount of $167.50 under 28 U.S.C. § 1920.

The Debtor opposes the award of expert witness costs as the court did not appoint the Creditor's expert witness and, thus, the Creditor may only claim $115.00 for mileage and $40.00 per diem, for a total of $155.00.The Debtor also objects to the award of translation costs as §1920(6) does not apply to translators of written materials. Debtor has no opposition to awarding costs in the amount of $12.50 for the photocopies. The Debtor has no objection to awarding a total of $167.50.

-1-

The request for an appointment of a trustee or examiner in Chapter 11 case pursuant to 11 U.S.C. § 1104 is a contested matter. See Fed. R. Bankr. P. 2007.1(a). Fed. R. Bankr. P. 9014 addresses procedures regarding contested matters and in subsection (c) makes applicable to contested matters several rules applicable to adversary proceedings (Part VII Rules). Among the applicable Part VII rules is Rule 7054. Fed. R. Bankr. P. 7054(a) makes applicable Rule 54(a)-(c) of the Fed. R. Civ. P. Bankruptcy Rule 7054(b)(1) allows for costs to the prevailing party and Rule 7054(b)(2) states that Rule 54(d)(2)(A)-(C) and (E) of the Fed. R. Civ. P. apply in bankruptcy adversary proceedings. The 2014 amendments to Rule 7054 incorporates in bankruptcy adversary proceedings and contested matters the provisions of Rule 54 of the Fed. R. Civ. P., except for the references in subsection (d)(2)(D) which authorize the referral of fee matters to a master or magistrate.

Civil Rule 54(d)(2)(A) states that the request for "fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Unless a statute provides otherwise, the motion must be filed no later than 14 days after the entry of judgment; specify the statutory basis entitling the request; state the amount requested; and, disclose, if the court so orders, the terms of any agreement about the fee for services for which the claim is made. Fed. R. Civ. P. 54(d)(2)(B).

The motion for fees and costs was timely made and complies with Civil Rule 54(d)(2)(B). The issue is whether the request for fees and costs should be granted on the basis that the requesting party prevailed in the contested matter before the court. "Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties." Taniguchi v. Kan Pacific Saipan, LTD., 132 S.Ct. 1997, 2001 (2012).

The court's discretion in awarding fees and costs is guided by the "so-called American Rule" which provides that a party must bear its own costs of litigating a controversy and that the same should not be assessed against the loser. Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123 (1991). The basic premise is that each litigant pays its own Attorney's fees, win or lose, unless a statute or contract provides otherwise. Baker Botts L.L.P. v. ASARCO LLC, 135

S.Ct. 2158 (2015). Fed. R. Civ. P. 54 does not create a substantive right to attorney's fees and does not change the "American Rule" regarding payment of attorney's fees. In re Amaral, 567 B.R. 417 (Bankr. D. Mass. 2017). Although the "American Rule" generally prohibits fee shifting, there are three accepted exceptions: the "common fund" exception allows a court to award fees to a party whose litigation efforts directly benefit others; the court may assess fees as a sanction for the willful violation of a court order; and the court may assess fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Chambers v. NASCO, Inc., 501 U.S. 45 – 46. Therefore, this court agrees with the decision in In re Piñeiro, supra, on the applicability of the "American Rule" and the exceptions to the same.

A review of the application does not show that any of the above stated exceptions to the "American Rule" are present in the instant contested matter. Thus, the award of attorney's fees is denied.

The court also denies the request for reimbursement of expert witness expenses other than mileage and per diem as the expert witness used by the prevailing party was not a court appointed expert, as is required by 28 U.S.C. § 1920(6). Consequently, only the amount of $155.00 is allowed. In addition, the court denies the request for translation costs as the statute, 28 U.S.C. §1920(6), only allows for reimbursement of interpreters and does not include the cost of document translation. Taniguchi v. Kan Pacific Saipan, LTD., 132 S.Ct. 2007. See Villeneuve v. Avon Products, Inc., 2019 WL 6492542 (D. P.R. 2019). Therefore, the court denies the request for awarding costs for document translation. The request for photocopies in the amount of $12.50 is reasonable and not contested by the Debtor. So, the amount for photocopies costs in the amount of $12.50 are allowed.

In view of the foregoing, the court allows costs in the amount of $167.50.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11 day of March 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge

-3-