IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                         CASE NO. 18-06529 (ESL)

QUESOS DEL PAIS LA ESPERANZA, INC.     CHAPTER 11

     Debtor

## OPINION AND ORDER

The contested matter pending before this court is the objection filed by the debtor, Quesos del País La Esperanza, Inc, ("Debtor"), to the proof of claim filed by Francisco Román Medina ("Román"). The matter is before the court upon Debtor's motion for summary judgment and the opposition filed by Román. The underlying basis for the current litigation has past and recent history. The court will narrate the same to place the controversy in its proper perspective. The court notes that the litigation of contested matters in this case has been, and is, between these two parties, the Debtor and Román.

### Background

The Debtor filed a small business chapter 11 petition on November 6, 2018. On the same date, Debtor's president, Mr. Guadalupe Acevedo Ortiz, filed a chapter 11 petition. The cases were administratively consolidated on January 17, 2019. The Debtor included Román in the Statement of Financial Affairs ("SOFA") in paragraph 5, disclosing that Román had foreclosed on monies deposited with Cooperativa Pepiniana, and in paragraph 7, disclosing a concluded legal action for breach of contract and damages in Francisco Román Medina v. Quesos del País La Esperanza, Inc. and Guadalupe Acevedo, case number A2CI2016-00393. The Debtor also included Román in Schedule D (Secured Creditors) as a disputed secured claim in the amount of $702,601.00, indicating that the value of the collateral was $0.00.

On June 10, 2019 the Debtor moved the court pursuant to 11 U.S.C. §543 ("Turnover of property by a custodian") for a "comfort order" requesting the court to order the custodian of the funds garnished by Román and held by the Puerto Rico court Marshal. Román opposed the request alleging to have a valid judicial lien over the garnished funds and that the request does not proceed pursuant 11 U.S.C. §544 ("Trustee as lien creditor and successor to certain creditors and

purchasers"). On June 24, 2019 the court entered an order denying the Debtor's request finding that "the state court marshall [sic], as described under the Rules 51.2 and 56.1 of the Rules of Civil Procedure of Puerto Rico, 32 L.P.R.A. Ap. V, R. 51.2 and R. 56.1, is not a custodian as defined by 11 U.S.C. §101(11) and, therefore, 11 U.S.C. §543 is inapplicable." The court further discretionally abstained concluding that: "The issues addressed in the state court proceeding have been litigated until final judgment. Irrespectively of any joint jurisdiction that this court may have and in the interest of comity to the state court, the court abstains from said proceeding and grants deference to the state court in the related post judgment matters. The Debtors may pursue whatever remedies they deem appropriate before the court of the Commonwealth of Puerto Rico. However, any collection of judgment against the Debtor must be channeled through the bankruptcy case."

On July 16, 2019, Román filed a motion to lift the automatic stay. The Debtor opposed the motion on July 31, 2019. On August 1, 2019 the court entered an order denying the motion to lift stay for lack of proper service. The court noted in the order that proof of claim 5-1 filed by Román was filed as an unsecured claim and that such characterization may be inconsistent with the order entered on June 24, 2019 denying Debtor's motion for turnover of funds.

On August 1, 2019, the Debtor filed its small business disclosure statement and small business chapter 11 plan. On the same date the court conditionally approved the disclosure statement and scheduled the hearing on final approval of the disclosure statement and confirmation of the chapter 11 plan for October 1, 2019. On September 19, 2019 Román filed an objection to the final approval of the disclosure statement and to the confirmation of the small business chapter 11 plan. The Debtor responded. On October 1, 2019, the court entered a bench order continuing the hearing on final approval of the disclosure statement and confirmation without a date pending a decision on Debtor's objection to Román's proof of claim 5. The court also extended the time periods in §§1121(e) and 1129(e) to the date that the court reschedules the hearing on confirmation. The hearing has not yet been scheduled.

On January 25, 2019, Román filed a motion for the appointment of trustee or examiner. The motion was scheduled for a hearing on January 14, 2020. The Debtor filed an opposition to the motion for appointment of examiner. After requests for continuance by both the Debtor and Román, the hearing was held on January 28, 2020. At the hearing the court entered a bench order directing the appointment of an examiner. The minute order states the following:

> The contested matter scheduled for a hearing before this court is the motion filed by Francisco Román Medina requesting the appointment of a trustee or

examiner (dkt. #122) and the Debtor's opposition to the request for the appointment of trustee or examiner (dkt. #139).

Counsel for moving creditor Francisco Román Medina and for the Debtor agreed to the following uncontested facts: [1] the Debtor filed a chapter 11 petition on November 6, 2018; [2] the Debtor holds a license of Mercado Familiar; [3] Mr. Guadalupe Acevedo is Debtor's president and holds 100% of Debtor's shares; [4] the Monthly Reports of Operation ("MOR") filed by the Debtor are presumed correct; [5] Ms. Zuleyka Acevedo is the daughter of Mr. Guadalupe Acevedo; [6] the proceeds of Mercado Familiar are deposited in an ACH account created by Debtor; [7] the Disclosure Statement was approved by the court; [8] other pending contested matters before the court are the confirmation of the chapter 11 plan and Debtor's objection to the proof of claim filed by the Debtor; and [9] the Debtor is contesting the validity of the state court judgment in favor of creditor Francisco Román Medina, which is the basis for the proof of claim.

The moving creditor presented the following witnesses: CPA Carlos Quintana Santiago, creditor Francisco Román Medina and Mr. Guadalupe Acevedo, Debtor's president. The Debtor presented Mr. Guadalupe Acevedo, Debtor's president, and Mr. Jorge Luis Pérez, Debtor's accountant.

After the presentation of evidence by the moving creditor, the Debtor moved for the dismissal of the motion to appoint trustee or examiner. Fed. R. Civ P 52(c) applies to contested matters pursuant to Fed. R. Bankr. P. 9014(c) and Fed. R. Bankr. P. 7052. The court denied the motion for nonsuit finding that the testimony of CPA Carlos Quintana Santiago and Debtor's accountant, Mr. Jorge Luis Pérez established a prima facie case of mismanagement on account of the unexplained transfer of funds, payment of expenses resulting from undeclared agreements made by Debtor's president, Mr. Guadalupe Acevedo, with his daughter, Ms. Zuleyka Acevedo.

After the parties presented their respective evidence, the court issued a bench ruling determining that the moving creditor had established mismanagement by the Debtor under section 1104(a)(1) based on the information in the MORs, the testimony of CPA Quintana, which was substantially corroborated by Debtor's accountant, Mr. Pérez, particularly as to income, expenses, the degree of control exercised by Debtor's president's daughter, Ms. Zuleyka Acevedo, and the lack of clarity of payments made to Ms. Zuleyka Acevedo. However, considering the size of the Debtor, a small family corporation, the extent of income reflected in the MORs, and the expertise of the sole shareholder, when balanced with the mismanagement, the court opts to order the appointment of an examiner pursuant to section 1104(c) to conduct an examination of the nature of the agreement by and between the Debtor and Zuleyka Acevedo.

The court reserves the right to enter a written memorandum opinion in support of its conclusion. A transcript of this court's oral ruling is requested.

On February 25, 2020 the U. S. Trustee moved the court for approval of the appointment of examiner and on February 26, 2020 the court entered an order approving the appointment of the examiner (José A. Díaz Crespo). As of this date the examiner has not filed a report.

**Proof of Claim**

On February 13, 2019, Román filed proof of claim 5-1 as a general unsecured claim in the amount of $702,601.00, stating that the basis of the claim was a judgment in case number A2CI2016-00393. Copy of the judgment was attached. On September 30, 2019 Román filed proof of claim 5-2, indicating that it amends the claim filed on February 13, 2019. The claim is in the same amount, that is, $702,601.00, the basis of the claim is the same, and copy of the judgment in case number A2CI2016-00393 was attached. The only difference is that Román now claims to be a secured creditor based on the referred judgment.

On November 6, 2019, the Debtor filed an objection to the amended proof of claim 5-2 filed by Román alleging that it is a late amendment. On November 18, 2019, Román answered the objection alleging that he holds a valid lien and that the amendment should be allowed under the circumstances. The contested matter was scheduled for a pretrial to be held on March 17, 2020.

On January 16, 2020 the Debtor filed a motion for summary judgment on the objection to proof of claim 5. On February 14, 2020 Román filed an opposition and also moved for summary judgment. The Debtor filed a response on March 12, 2020. On March 13, 2020 the court continued without a date the pretrial on the objection to proof of claim 5 pending a decision on the motions for summary judgment. The court notes that on said date the bankruptcy judges were considering the closing of the court commencing March 17, 2020, and, subsequently a General Administrative Order was entered to such effect.

**Jurisdiction**

This court has jurisdiction under 28 U.S.C.§157 (a) (b) (1) and §1334. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(B). Venue lies in this District pursuant to 28 U.S.C.§§1408;1409 and 1391(b).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; see also, In re

Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202–203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205–206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560–61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958, 111 S.Ct. 387, 112 L.Ed.2d 397 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325, 106 S.Ct. 2548. See also Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159, 90 S.Ct. 1598. The summary judgment standard applies to both parties to the present contested matter as they have filed cross motions for summary judgment.

**Position of the Parties**

**Debtor**

**Summary of Argument**:

Claim No. 5 was originally filed as a general unsecured claim in the amount of $702,601.00. After the bar date to file claims, Roman amended his claim from a general unsecured claim to a secured claim in the $702,601.00. The Debtor objected to this amended Claim No. 5 and amended its objection arguing that by changing Claim No. 5 from unsecured to secured, "Mr. Roman attempts to brings a new claim against the estate after the bar date to file claims elapsed."

**Uncontested facts**:

The Debtor submits that the following facts are uncontested:

Since 2016, Mr. Roman and the Debtor have been engaged in a civil litigation in the Court of First Instance of Puerto Rico, Superior Court of San Sebastian under the case number A2CI201600393. In such case, Mr. Roman obtained a judgment for an amount of $702,601.00.

After judgment was entered against the Debtor, Mr. Roman obtained a garnishment order from state court. With this garnishment order, Mr. Roman garnished a total of $22,749.87 from Debtor's deposit accounts in financial institutions.

The Debtor filed the instant Chapter 11 case on November 5, 2018. The Debtor included Mr. Roman in Schedule D and marked such claim as a disputed claim. The value of the collateral of the disputed claim was zero ($0.00). Since Mr. Roman was scheduled as disputed, the Debtor served via mail onto Mr. Roman a written notice of its disputed scheduling and informing him of his right to file a proof of claim in accordance to LBR 1007-1(f).

The bar date to file proof of claims was March 14, 2019; and May 6, 2019, for governmental units. On February 13, 2019, Mr. Francisco Roman-Medina ("Mr. Roman") filed Claim No. 5-1 as a general unsecured claim for $702,601.00. On September 30, 2019, Mr. Roman filed an amended Claim No. 5 in which he asserts against the estate a fully secured claim of$702,601.00. [Claim No. 5-2]. The only document attached to this amended Claim 5 was the judgment entered in state court for $702,601.00.

The Debtor filed an objection to the Amended Claim No. 5, arguing that it was a new claim which was time barred, and lacked supporting documentation to establish a security of $702,601.00. This objection was later amended.

The court agrees with and adopts the above facts as uncontested.

**Argument:**

The Debtor's objection presents two main issues of law. First, the Debtor moves the Court to disallow Amended Claim No. 5 as a secured claim. The original Claim No. 5 was timely filed as a general unsecured claim and the amendment was made after the bar date to file claims. Mr. Roman changed the nature of the claim from general unsecured to secured. This brings a new claim that had to be filed within the time period to file proof of claims and Mr. Roman made this amendment after the bar date to file proof of claims. Thus, it is an untimely claim that should be disallowed as time barred.

Also, even if such amendment had been filed within the bar date, Amended Claim No. 5 is devoid of any documents that establish that the Mr. Roman has a secured claim against the estate, much less secured up to $702,601.00.

Second, the Debtor is contesting the validity of Claim No. 5 in state court, and the Court abstained from adjudicating such controversy in comity to the state court and as requested by the

Debtor. If the Debtor prevails in its challenge, regardless of its secured status, Claim No. 5 will not be enforceable against the Debtor or the estate.

**Discussion:**

The Debtor submits that:

"Neither the Bankruptcy Code nor the Rules address amendments of proof of claims." Clamp-All Corp. v. Foretsa (In re: Clamp-All Corp.), 235 B.R. 137, 140 (B.A.P. 1st Cir. 1999). Case law has established the parameters to take into consideration when a creditor intends to amend his/her proof of claim. "Prior to the bar date, amendment of a filed proof of claim is permissible. Post-bar date amendments should be scrutinized to ensure that the amendment is not making a new claim against the estate." Id. Therefore, upon an amended claim, courts "must first look to whether there was a timely assertion of a similar claim or demand evidencing an intention to hold the estate liable." In re: Ruiz-Martinez, 513 B.R. 779, 785 (Bankr. D.P.R. 2008). "First, the proposed amendment must not be a veiled attempt to assert a distinct new right to payment as to which the debtor estate was not fairly alerted in the original proof of claim. Second, the amendment must not result in unfair prejudice to other holders of unsecured claims against the estate." In re: Hemingway Transport, Inc., 954 F.2d 1 (1st Cir. 1992). Third, the amendment must not be the product of bad faith or dilatory tactics on the part of claimant. Id. In this case, as the Court will see, (1) Mr. Roman attempts to bring a new claim that is time bared, (2) the amendment causes an undue prejudice to the estate and the rest of the unsecured creditors, and (3) the amendment lacks good faith and is nothing but a tactic to block confirmation of the Debtor's Small Business Chapter 11 Plan.

Case law has consistently stated that amendments should be freely allowed "where the purpose of the purpose is to cure a defect, provide a more particular description of the claim, or plead a new legal theory of recovery based upon facts stated in the original claim." Clamp-All Corp. v. Foretsa (In re: Clamp-All Corp.), 235 B.R. 137, 140 (B.A.P. 1st Cir. 1999). Nonetheless, "amendment is permitted only where the original claim provided notice to the court of the existence, nature and amount of the claim and that it was the creditors' intent to hold the estate liable." Id. at pages 140-141. "[T]he proposed amendment must not be a veiled attempt to assert a distinctly new right of payment as to which the debtor estate was not fairly alerted by the original proof of claim. Again, "in order to "fairly alert" the debtor estate, a POC needed only provide adequate notice of the existence, nature and amount of the claim as well as the creditors' intent to hold the estate liable." Gens v. Resolution Trust Corp., 112 F.3d 569, 575 (1stCir. 1997) [Emphasis was added].In this case is undisputed that the original Claim No. 5 was filed as unsecured, and it is also undisputed that the amendment to secured was filed after the bar date. Nevertheless, Mr. Roman argues that it was mistakenly filed

as unsecured, and that the amendment should be allowed because the Debtor scheduled Mr. Roman's claim in Schedule D. According to respondent: "[t]here is no time to amend a claim, and this amendment [is] a mere technicality to amend the claim nature as per schedules and nature, that was recognize by debtors in the schedules, signed under penalty of perjury and ratified under oath at the meeting o[f] creditors." [Docket No. 119, page 5]. This assertion, however, is incorrect and is devoid of any supporting legal citation.

In the first place, to change the secured nature of a claim is not a mere technicality as Mr. Roman avers. When a creditor attempts to change the nature of its claim from unsecured to secured, such as the case at hand, "[n]umerous courts have held that amending an unsecured claim to a secured claim equated to the filing of a new claim." In re: Empresas Benitez Toledo, Inc., 2014 Bankr. LEXIS 3355 (Bankr. D.P.R. 2014) referencing: In re: Durango Georgia Paper Co., 314 B.R. 885, 888 (Bankr. S.D. Ga. 2004); Highlands Ins. Co. v. Alliance Operating Corp. (In re Alliance Operating Corp.), 60 F.3d 1174, 1175 (5th Cir.1995); In re: Walls & All, Inc., 127 B.R. 115, 118 (W.D.Pa.1991); In re: Nat'l Merch. Co., 206 B.R. 993, 999 (Bankr.M.D.Fla.1997). [Emphasis was added]. This is, precisely, the case at bar. In this case, prior to the bar date, Mr. Roman never put the estate on notice of the existence of a "lien", the amount secured by such "lien", nor his intent to enforce the alleged "lien" against the estate in a timely fashion. Therefore, the amended claim should be disallowed as untimely.

In addition, Debtor highlights the fact that Román's claim was listed as disputed and argues that the Debtor informed Román that his claim was being disputed and of his duty to file a proof of claim to assert his claim against the estate. The Debtor put Román on notice that its scheduled secured claim was disputed with a collateral value of zero. Román "had an affirmative duty to act, to put the estate on notice of the amount and nature of his claim, and of his intent to hold the estate liable for such. Mr. Roman, however, filed Claim No. 5 and put the estate on notice of intent to hold the estate liable for an unsecured claim of $702,601.00."

"Late amendments which raise new issues are only allowed if the creditor proves that granting the amendment is fair and imposes no undue hardship on a party." In re: Taylor, 280 B.R. 711, 715 (Bankr. S.D. Al. 2001). Therefore, "[b]efore allowing the late-filed amendment to the timely claim, the court must consider whether the late-filed claim in this case prejudices the debtor or creditors in any way." In re: Brown, 2007 Bankr. Lexis 1544 (Bankr. E.D. Va. 2007). The amendment to a proof of claim must not result in unfair prejudice to the other creditors. This prejudice must be actual and "something more than mere creditor disappointment is required to preclude amendment." Gens v. Resolution Trust Corp., 112 F.3d 569, 575 (1stCir. 1997). In the instant case, Mr. Roman argues that

no prejudice will come to the estate or the other creditors because "[i]n this case the amendment does not alter the amount of the claim nor the basis for the claim. In fact, there is no prejudice to the debtor or any unsecured debtor, except for the claimant in this motion." [Docket No. 119, page 5]. This assertion, however, is merely a self-serving and conclusory allegation; Mr. Roman does not explain how is it that his amended claim does not burden the rest of the creditors. As this Honorable Court will see, the amendment severely burdens all creditors insofar, if the amendment is allowed, Mr. Roman will be the only creditor to receive distribution.

The Debtor states that:

"Under the proposed plan where Mr. Roman is a fully unsecured creditor, all priority claims (Class 1), unsecured convenient class (Class 2) and unsecured recourse creditors (Class 3) will receive a 100% distribution on their claims, and the general unsecured creditors will receive a distribution of 4%. If Claim No. 5 is allowed as amended (with a fully secured status over all of Debtor's assets), the classification would change and the only creditor that will receive distribution is Mr. Roman. If the Court were to accept Mr. Roman legal theory that he is fully secured with all assets of the Debtor, then no other creditor would receive distribution until Mr. Roman receives distribution on 100% of his claim. Thus, the estate and the rest of the creditors would be severely prejudicated and amendment should not be allowed. See In re: Brown, 2007 Bank. Lexis 1544 (Bankr. E.D. Va. 2007) ("[t]he court has determined that only two type of prejudice could possibly result from the allowance of the late-filed claim. The first type of prejudice would be that the unsecured creditors, anticipating a 100% recovery in accordance with the sale order, would be prejudiced by the lower 65% recovery they would receive after the allowance of the late-filed claim".).

The court may allow a late amendment if the amendment is not be the product of bad faith or dilatory tactics on the part of claimant. In re: Hemingway Transport, Inc., 954 F.2d 1 (1st Cir. 1992). The court must balance the equities considering undue delay, bad faith or dilatory motive on the part of the party moving for amendment, and repeated failure to cure deficiencies. See In re: Taylor, 280 B.R. 711, 715 (Bankr. S.D. Al. 2001).

In this case, Román was put on notice of his mistaken filing of an unsecured claim on three separate occasions. On July 31, 2019, when Debtor objected to the lifting of stay it alleged that Román did not have a lien. On June 24, 2019 the court entered the abstention order and stated that Claim No. 5 was filed as an unsecured claim. On August 1, 2019, when denying Mr. Roman's motion to lift the automatic stay, the court noted that proof of claim (POC 5-1) was filed as an

-10-

unsecured claim. Román "waited until the day before the confirmation hearing to amend its claim to enforce against the estate an alleged lien $702,601.00."

**Lien in Question**:

Debtor questions that Román holds a valid lien. Debtor alleges that Román does not hold a statutory lien. "The Bankruptcy Code defines a "statutory lien" as a "lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute." 11 U.S.C. § 101(53). "A statutory lien depends for its existence solely on a legislative act creating the lien in specified circumstances." In re Bos. & Me. Corp., 719 F.2d 493, 497(1st Cir. 1983)[Emphasis was added]. It is a lien created by statute and "is limited in operation and extent by the terms of the statute and can arise and be enforced only in the event and under the facts provided for in the statute." Fonseca v. Gov't Emples. Ass'n (AEELA), 542 B.R. 628, 634(BAP 1st Cir. 2015)." Debtor also states that a garnishment order does not, by itself, constitute a judicial lien. "The term "judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). "[T]he lien is one created by a judgment and is a "charge against" the property of the debtor." 2 Collier on Bankruptcy P 101.36 (16th 2019). In this case, it is uncontested that Mr. Roman obtained garnishment order, but that does not mean that he has a lien and this Honorable Court abstained from determining such controversy. Nonetheless, whether such garnishment order constitutes a lien is moot in view that Mr. Roman did not file his claim as secured and Mr. Roman did not object to his classification in the approved Disclosure Statement nor the proposed Plan of Reorganization."

**Prayer:**

In summary, Debtor prays the court to grant "summary judgment in favor of the Debtor and enters an order adjudicating that (1) Amended Claim No. 5 presents a disallowed new claim which is time barred, (2) that Mr. Roman currently holds a general unsecured claim (the original Claim No. 5), and (3) that his original claim be deemed objected and the determination on the final allowance of unsecured Claim No. 5 be held in abeyance until the litigation in state court ends."

**Román's Position**

Román commences his reply to the motion for summary judgment by stating that the "amendment does not alter the amount of the claim nor the basis for the claim. Debtors accepted the fact of the nature of the claim as secured since the filing of the schedules and never changed

its nature. The amendment was timely, the Plan has not been confirmed and its pending to the resolution of this contested matter and other procedures in local court." Roman argues that amendments to proofs of claim timely filed "are to be freely allowed, whether for purposes of particularizing the amount due under a previously-asserted right to payment, or simply to cure technical defects in the original claim." Román requests entry of judgment in his favor because the nature of his claim is secured by a final, firm and unappealable judgement.

Román submits a series of uncontested facts, many of which coincide with the ones submitted by Debtor.  The court adds the following:

In case A2CI2016-00393 judgement was entered in favor of Francisco Roman Medina, ordering the debtor to pay $702,601.00 for the breach of a distribution contract. The judgment is final, firm and unappealable. After the judgement became final, the creditor started the judgement execution. Upon an order for execution of judgement, the state court ordered the garnishment of personal and corporative accounts of debtors in the amount of $22,749.87 and $3,224.73. The garnished money was deposited in the San Sebastian Court as guarantee of payment of judgement.

The court declines to consider the following proposed uncontested facts as plainly incorrect or conclusory statements:

"Debtor classified debt with Francisco Roman Medina as Secured in schedule D and the schedule have not being amended and still listed as a secured claim." The debtor included Román as a secured creditor in Schedule D, indicated that the value of collateral was $0.00, and stated that the claim was disputed. Therefore, the fact proposed is not correct.

"Debtors previous attorney filed by mistake the claim as unsecured (Claim#5) and the claim was amended to a secure [sic] claim secured by creditor in accordance to the law and debtor schedules." This is a conclusory statement, whether a "mistake" is an excusable defense must be determined based on the totality of the circumstances upon the evidence presented.

"The case was an emergency filing in view that a judgment creditor was about to garnish the Debtors' chattel due to a judgment creditor obtained by Mr. Francisco Román Medina, against Debtors in the Court of First Instance of San Sebastian, Puerto Rico ("San Sebastian Court" or "state court") holder of Claim No. 5 ("Claimant No. 5)." This is a conclusory statement with no direct relevance to the present contested matter.

Roman includes a standard for summary judgment with which this court substantially agrees. The debtor argues the presumption upon filing a proof of claim as set forth in Fed. R.

Bankr. P. 3001 and the ability to amend the same. There is no contest to the general legal allegations in this area.

Román then argues the legal basis for his  assertion to be a secured creditor. He states that "[t]he claim object of this objection is secured by its nature, being a statutory lien in a case that is final firm and unappealable with an order for garnishment of debtor's properties until the payment of the judgement amount that was stayed by the filing of the bankruptcy. The filing stops the garnishment proceedings but does not changes the nature of the debt or the state and nature of the procedures in the Local Court case."  The court notes that the existence of a final judgment and a valid garnishment order do not necessarily make the judgment a statutory lien.

Román discusses the res judicata effect of final judgments and states that:

> Federal courts are required to give full faith and credit to a final judgment issued by a court of the Commonwealth of Puerto Rico. See 28 U.S.C. §1738 (providing that records and judicial proceedings of every court within the United States, Territories and Possessions shall have the same full faith and credit that they have by law in the State, Territory or Possession in which they are taken); See Allen v. McCurry, 449 U.S. 90, 95-96, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980); Baez-Cruz v. Municipality of Comerio, 140 F. 3d 24, 28 n.1 (1st Cir. 1998); Muñiz Cortes v. Intermedics, Inc., 229 F. 3d 12,14 (1st Cir. 2000). In conformity with the full faith and credit statute a federal court must enforce a state court judgment when an action is brought for that purpose. See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §4469 at 79. Puerto Rico law applies in deciding the res judicata effect of a state court judgment in a federal court. Montalvo-Huertas v. Rivera-Cruz, 885 F. 2d 971, 974 (1st Cir. 1989); Cruz v. Melecio, 204 F. 3d 14, 18 (1st Cir. 2000); Perez-Guzman v. Gracia, 346 F. 3d 229,233 (1stCir. 2003); See Migra v. Warren City Sch. Dist. Bd. of Educ, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984). In re Costa Bonita Beach Resort, Inc., Case No. 09-00699 (Bankr.P.R. 2/23/2010) (Bankr. P.R., 2010).

Based on the above, Román concludes that "[i]n this case the judgement is final in a court with jurisdiction and is final, firm and unspellable. A motion under rule 49.2 of Puerto Rico Civil Procedure does not change the nature of the judgement." The court notes that the finality of the judgment is not in question as it refers to the contested matter before the court.  That is a matter for the parties to argue before the state court, as it appears the parties are.

**Amendment to a Proof of Claim**

The filing of a secured claim as unsecured has generally been held to be a waiver of the security. However, bankruptcy courts have discretionary power to allow for an amendment of

-13-

proof. Amendments to timely filed proofs of claims are liberally allowed. In re Goodman, 261 B.R. 415 (Bankr. N.D. Tex. 2001). Generally, an amendment of a claim is permitted "to cure a defect in a claim as originally filed, to describe a claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim." In re George, 426 B.R. 895, 899, (Bankr. M.D. Fla. 2010). In In re Brown, 431 B.R. 309 (Bankr. D. Mass. 2010), the court allowed an assignee of a mortgage to amend a proof of claim after the bar date for filing claims had lapsed to correct deficiencies in the statement of ownership set forth in the original claim which had been filed on behalf of the original mortgage lender.

This court, in a Chapter 13 case, held that in deciding whether to permit an amendment to a proof of claim, a bankruptcy court "must scrutinize both the substance of the proposed amendment and the original proof of claim to ensure that the amendment meets three criteria. First, the proposed amendment must not be a veiled attempt to assert a distinctly new right to payment as to which the debtor estate was not fairly alerted by the original proof of claim. Second, the amendment must not result in unfair prejudice to other holders of unsecured claims against the estate. Third, the need to amend must not be the product of bad faith or dilatory tactics on the part of the claimant." In re Martinez, 513 B.R. 779, 785 (Bankr. D. P.R. 2014), (quoting In re Hemingway Transport, Inc., 954 F.2d 1 (1st Cir. 1992) (citations omitted)). The court denied a creditor's amended proof of claim as untimely and prejudicial to other creditors as it was submitted after completion of the Chapter 13 debtor's plan.

**Discussion**

The court will analyze the pending controversy through a two-step process. First, determine whether to allow the amendment to the proof of claim filed by Román. Second, if the amendment is allowed, determine whether the amended claim should be allowed as a secured claim. The analysis takes into consideration the relevant uncontested facts.

The chapter 11 petition was filed on November 6, 2018. Due notice of the filing of the petition and the bar date to file proof of claims was given to all parties in interest, including Román. The debtor included Román in Schedule D as a secured creditor with collateral valued at $0.00. The creditor was identified as holding a disputed claim. The Debtor also included in the SOFA a concluded state court action for breach of contract and damages filed by Román. Román obtained judgment in the amount of $702,601.00; and after judgment Román obtained a garnishment order from state court and did garnish a total of $22,749.87. The validity of the garnishment is being litigated in the state court and this court has abstained from entertaining this specific issue. There

-14-

is no issue as to the validity of the state court judgment, and if any, the same must be presented to the state court. The court notes that Román alleged to have a judicial lien over the garnished funds in the opposition to the Debtor's motion for a "comfort order" for the turn-over by the custodian of the funds. However, in his opposition and cross-motion for summary judgment regarding proof of claim number 5, Román alleges to have a statutory lien.

The bar date to file proof of claims was March 14, 2019; and May 6, 2019, for governmental units. Román timely filed proof of claim 5-1 on February 13, 2019 as a general unsecured claim in the amount of $702,601.00, the basis of which was a state court judgment which was attached to the proof of claim. The amended proof of claim (POC 5-2) was filed on September 30, 2019, after the bar date. The only, but important, change was in the characterization of the debt as secured. The amount, the basis for the claim, and the supporting document were the same. The court agrees with the Debtor in its statement that Román had ample notice of the need to file a secured claim based on debtor's notice, the court notices and the court orders. On the other hand, the same notices should have also created an awareness to the Debtor that there was an incongruity with the initial filing of Román's proof of claim as a general unsecured creditor considering the disclosed history of the parties' litigation.

After considering the sequence of events and the time within which the amended claim was filed, as well as the nature of the amendment, the court allows the amendment. The court will proceed to determine whether the claims is secured.

There is no question that Román obtained an award evinced by a final state court judgment. The issue is whether the judgment constitutes a lien over property of the Debtor. Román claims to have a statutory lien. The Debtor argues that he does not.

The court will start its discussion regarding whether Román has a lien with the applicable definitions in the Bankruptcy Code. The term lien means a charge against or interest in property to secure payment of a debt or performance of an obligation, 11 U.S.C. §101(37). A security interest is a lien created by an agreement, 11 U.S.C. §101(51). A security agreement is an agreement that provides for a security interest, 11 U.S.C. §101(50). A statutory lien "means a lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute." A judicial lien is a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding, 11 U.S.C. §101(53).

The facts show that there is no security agreement between the parties. Therefore, Román does not have a security interest over property of the Debtor.

The Debtor's liability to Román arises from the state court judgment. There is no specific statute which automatically gives rise to a charge or interest in property of the debtor. A party who has obtained a final judgment in its favor may proceed to execute the same through the mechanism provided in Rule 51 of the Puerto Rico Civil Rules of Procedure. 32A L.P.R.A. Ap. V, R. 51. The prevailing party may execute the judgment within five (5) years from the same becoming final. The court notes that the 2015 amendments to the Puerto Rico Mortgage law derogated 30 L.P.R.A. §§1806 and 1808. Therefore, the provisions regarding registering judgments are not applicable to this case. See In re Quiñones Cruz, 2012 WL 2603412 (Bankr. P.R. 2012) on the derogated provisions. The current provision is 30 L.P.R.A. § 6544. Therefore, Román had a right to make valid the judgment prior to the filing of the petition but does not have a statutory lien.

Although not argued by Román, the court addresses whether Román has a judicial lien, and determines that it does not. The only proceeding prior to the filing of the petition was the garnishment of Debtor's accounts. The same are now deposited with the state court and the court has discretionally abstained from entertaining the issue. There is no secured right presently before the court. Therefore, the court finds and concludes that Román does not hold a judicial lien regarding the proof of claim (POC 5) filed in this case.

### CONCLUSION

In view of the foregoing reasons the court finds and concludes that proof of claim 5 filed by Francisco Román Medina is a general unsecured claim for the amount filed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of April 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge

-16-